UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

In re:

ROWLEY SOLAR LLC

Debtor

Chapter 11
Case No. 19-12419-FJB

**RESPONSE TO OBJECTION TO CLAIM BY BONNIE BERKOWITZ,
BARBARA BERKOWITZ AND MAVEN REALTY TRUST**

NOW COME Bonnie Berkowitz ("Bonnie"), Barbara Berkowitz ("Barbara"), and Maven Revocable Trust ("Maven") (collectively "Responding Parties"), and hereby responds to the Objection to Proof of Claim filed by Invaleon Technologies Corporation ("Invaleon").

1. On December 26, 2019, Invaleon caused to be filed with this Court an Objection to Proofs of Claim (Docket #129). Specifically, it objected to various claims of the Responding Parties, namely, claims of Maven (Claims 7 and 8), claims of Bonnie (Claims 9, 10 and 11), and claims of Barbara (Claim 12). The sole basis for seeking disallowance of such claims is based upon the fact that the parties had entered into a Stipulation (Docket #51) which had been approved by the Court (the "Stipulation"), such approval taking place on November 19, 2019. On that date, the Court conducted a hearing concerning the Stipulation and a proposed sale of assets by the Debtor (the "Hearing").

2. At the time of the Hearing, the Debtor, through counsel, raised certain issues to the Court which had come to his attention pertaining to specific information concerning the assets sale. The asset sale was to produce proceeds from the sale of the Debtor's assets which were to be utilized pursuant to,

-1-

amongst other things, the terms of the Stipulation. Accordingly, as it related to the Stipulation, the terms and provisions of the sale and representations made pursuant thereto were all material as they related to the Stipulation.

3. At the time of the Hearing, the important facts made known to the Court and the parties by Debtor's counsel were, in summary form, as follows:

    a. As it pertains to the Membership Interest Purchase Agreement ("MIPA"), in order to retain the benefits of the MIPA, Invaleon caused to be produced a Certificate of Mechanical Completion by its engineer. With that in mind, the parties eventually entered into the Stipulation seeking to resolve their differences with factors that would be important to the Responding Parties, namely, that Invaleon (or affiliates of Invaleon), shall not bid on the purchased assets or membership interests. (Stipulation ¶1)

    b. During the course of the Hearing, and during various recesses taken during the course of the Hearing, Invaleon assured the responding parties that the certificate issued by its engineer was authentic and genuine, notwithstanding his statements to Debtor's counsel, and that Invaleon, with regard to a new third party bidder for the Debtor's assets, would have nothing further to do with the project.

    c. To the knowledge of the Responding Parties, as of that date, there had been no separate non-disclosed communications between Invaleon and the bidder, Power Fund, or the stalking horse bidder, Solops. Since the sale, it been discovered that communications and financial arrangements between Power Fund and Invaleon had taken place.

    d. Further, on July 19, 2019, the Bonni and Barbara, and on behalf of Maven, had further provided prior notice to Invaleon that it was not to enter upon their property based upon ongoing continued problems and difficulties between Invaleon and the respondents. Accordingly, when the Stipulation was executed during or about September 2019, Invaleon was fully advised and informed that the Responding Parties wanted Invaleon to have nothing further to do with the project or to appear at their property and Invaleon provided assurances that this would be the case.

4. Since the date of the order approving the sale and the Stipulation, the respondents have now come to realize that the assurances and representations

of Invaleon were materially false. This is based upon various factors, including but not limited to the following:

    a.    Most importantly, the successful bidder of the project, Power Fund, is not running or operating the project, and on information and belief, they do not have experience in constructing and operating such a project. In fact, to the shock of the Responding Parties, the entity that has been coming to the premises to do construction and run the project has been none other than Invaleon.[1]

    b.    In fact, as of the date of this pleading, Invaleon, on its website, still holds itself out as owner or operator of the Rowley project.

    c.    Further, as stated above, it has been revealed, prior to the sale, there have been communications between Invaleon and Power Fund, the nature and extend of which are not known.

    d.    Also, other post-sale actions have taken place inconsistent with the documents executed in connection with the sale.

    e.    Invaleon, the party in control of the data room for prospective bidders, was non-cooperative with Solops, the stalking horse bidder, who withdrew from bidding as disinformation about the project came about at the Hearing.

5.    In terms of the Stipulation, had the Responding Parties known of all of the facts with full disclosure, they would not have continued to negotiate with Invaleon, nor would they have executed the Stipulation. The Responding Parties believe that they were induced to execution the Stipulation based upon fraudulent information and fraudulent representations. In so doing, Invaleon, with the assistance of Power Fund, has been able to undermine agreements to which it was a party:

---

[1] The Court may recall that, at the February 4, 2020 hearing concerning the objection to claims, Sonepan Electrical Distributors, Inc., indicated that it had been paid its claim on a check given to it by the principal of Invaleon, not from the sales proceeds that were paid to Invaleon, and that it continued to do work with Invaleon, including providing supplies or services to Invaleon at the Rowley project.

      a.      Invaleon avoided the loss of the project to the Responding Parties by providing a mechanical completion certificate that was false, and

      b.      Invaleon seeks to avoid the terms of the Stipulation by having Power Fund as the "owner" of the project so that it can still retain the project, while at the same time paying much less to the Responding Parties than otherwise would be paid to them under the MIPA or the Stipulation.

6.      As a result, the responding parties should not be subject to the terms and provisions of the Stipulation, but rather should be excused from its terms. As a result, the objection to the claims held by the responding parties must be overruled, allowing their claims in full.

7.      To the extent that the Court will require evidence on this matter, and it is reasonably anticipated that evidence will be required, the Responding Parties will need time for conducting discovery in order to adjudicate these matters.

WHEREFORE, the Responding Parties respectfully request this Honorable Court to overrule the claims objection as filed, and to grant them such other and further relief as this Court deems just and proper.

                              Respectfully submitted,

                              Bonnie Berkowitz,
Barbara Berkowitz and
Maven Revocable Trust
By their attorney,

Dated: March 6, 2020                  /s/ Michael B. Feinman
                                       Michael B. Feinman
BBO#545935
Feinman Law Offices
69 Park Street
Andover, MA  01810
Tel:  978-475-0080
Fax: 978-475-0852
Email:mbf@feinmanlaw.com

## **CERTIFICATE OF SERVICE**

I, Michael B. Feinman, hereby certify that I have this day served the foregoing pleading, by mailing a true and accurate copy of each, if not shown as being served electronically, via first class mail and postage prepaid, to the following parties in interest:

Alan L. Braunstein, Esq.
Email: abraunstein@riemerlaw.com

Eric Bradford - U.S. Trustee's Office

John G. Loughnane
Email: jloughnane@nutter.com

Dated:  March 6, 2020               /s/ Michael B. Feinman
                                         Michael B. Feinman