## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| IN RE: | ) ) ) | |
| ROWLEY SOLAR LLC | ) ) ) ) | CHAPTER 11 CASE NO.  19-12419 - FJB |
| DEBTOR | ) ) | |

### REPLY OF INVALEON TECHNOLOGIES CORPORATION TO SUPPLEMENTAL STATEMENT OF MAVEN REVOCABLE TRUST, BONNI BERKOWITZ, AND BARBARA BERKOWITZ

This Court's April 1, 2020 order provided claimants Maven Revocable Trust, Bonni Berkowitz, and Barbara Berkowitz (collectively "the Claimants") additional time to state with particularity the basis of their affirmative defense of fraud in response to objections made to their asserted claims. To satisfy the heightened pleading requirements applicable to such an asserted defense, Claimants were required to identify, at a minimum, the time, place, and content of alleged misrepresentations made by Invaleon Technologies Corporation ("ITC").  Because the Supplemental Statement filed by the Claimants on April 14, 2020 (Dkt. 178) does not meet the standard set forth in Federal Rule of Bankruptcy Procedure 9(b), Claimants' responses to ITC's objections to their claims should be overruled and those claims should be disallowed in their entirety.

**Background**

1.     Barbara and Bonni Berkowitz, as the purported sole members of Rowley Solar LLC ("Debtor"), initiated this chapter 11 proceeding for the Debtor on July 17, 2019.  Dkt. 1.

ITC moved to dismiss the case on August 12, 2019 on the grounds that ITC was the sole member of the Debtor and had not authorized the filing. Dkt. 25.

2.      As of the hearing on the motion to dismiss on August 27, 2019, the issue of ownership of the Debtor remained disputed. *See* dkt. 52

3.      The Berkowitzes, represented by counsel for themselves and for their entity Maven Realty Trust, along with counsel for the Debtor, negotiated extensively with ITC and entered into the Stipulation. Dkt. 51. The Berkowitzes also caused the Debtor to file a motion to approve same. Dkt. 52.

4.      The Stipulation was the result of arms-length negotiations by the parties and their counsel "for almost ten hours on September 5, 2019, revising countless drafts of a settlement stipulations which revisions continued to further evolve through September 19, 2019." Dkt. 52 at 3.

5.      Under the terms of the Stipulation, the Debtor was obligated to sell its assets, consisting of a solar farm and related permits, with the sale proceeds distributed pursuant to the terms of the Stipulation. As the Debtor described to the Court, the sale to a third-party was a "mutually acceptable transaction . . . to proceed in this court by the Debtor that pays creditors in full and resolves disputes regarding the membership interests" in the Debtor. *Id.*

6.      On November 19, 2019, the Court entered an Order allowing the Motion to Approve the Stipulation. Dkt. 106. A week later, on November 26, 2019, the Court entered its Order (I) Approving and Authorizing Sale of Debtor's Assets Free and Clear of All Liens, Claims, and Encumbrances, and Other Interests and (II) Granting Related Relief, which approved the sale motion filed pursuant to the Stipulation. Dkt. 111. On the same day, November

26, 2019 (the bar date), the Berkowitzes and Maven Revocable Trust filed various claims against the estate.

7. Closing of the purchase approved by the Sale Order occurred on Friday, December 6, 2019. ITC received its share of the proceeds shortly thereafter and caused all valid claims against the Debtor to be paid in accordance with the terms of the Stipulation and Sale Order. In other words, ITC timely complied with all terms of the Stipulation and Sale Order.

8. Relevant here, the Berkowitzes received $75,000 from the sale proceeds "as full satisfaction of all claims against [Rowley Solar] and/or ITC held by them (with any remaining such claims released)." Dkt. 51, ¶ 2(b). Moreover, attached to the Stipulation was the form of a general release by the Berkowitzes in favor of ITC (and vice versa), to be executed in connection with closing of the sale.

9. As noted in the objection to the Berkowitzes' claim, the Berkowitzes failed to deliver their release at closing —and still have not delivered such release as of the date hereof. Shortly after closing, on December 10, 2019, Notices of Withdrawal of Appearances were filed by attorney Ed Ford along with two of his colleagues withdrawing from representation of the Berkowitzes. Dkt. 122, 123 and 124.

10. On December 26, 2019, ITC filed an omnibus objection to all remaining claims, informing the Court that all valid and allowable claims had been paid. Dkt. 129.

11. The Berkowitzes did not file a timely response to ITC's objection, but appeared with new counsel at the hearing on ITC's objection on February 24, 2020 and asked for more time to respond. The Court granted the Berkowitzes' request. Dkt. 155.

12. The Berkowitzes' initial response to ITC's objection stated that they "believe that they were induced to execution *[sic]* the Stipulation based upon fraudulent information and fraudulent representations" without describing a single, specific representation. Dkt. 162 at p. 3.

13. In the Court's April 1, 2020 order on ITC's objections, the Court noted that the Berkowitzes "have alleged that the Stipulation is not enforceable as to them based on the affirmative defense of fraud." The Court further instructed that the Berkowitzes' initial response failed to allege fraud with particularity, as required by Fed. R. Civ. P. 9(b), made applicable by Fed. R. Bankr. P. 9(b) ("Rule 9(b)"). Dkt. 172.

14. The April 1 order also granted the Berkowitzes another opportunity to respond to ITC's objection.[1] Specifically, the Court granted the Berkowitzes an opportunity to file "an amended statement that identifies with particularity the misrepresentations upon which they rely." *Id.*

## Discussion

15. The Supplemental Statement fails to comply with the Court's April 1 Order. ITC's objection should therefore be sustained, and the Berkowitzes' claims should be disallowed.

16. The First Circuit instructs, "[t]o satisfy [Rule 9(b)'s] particularity requirement, the pleader must set out the time, place, and content of the alleged misrepresentation with specificity." *S.E.C. v. Tambone*, 597 F.3d 436, 442 (1st Cir. 2010).

---

[1] At a continued hearing on ITC's omnibus objection, the Berkowitzes withdrew their response to claim No. 7 (a claim of Maven Revocable Trust) and claim No. 9 (a claim of Bonni Berkowitz). Thus, the only claims remaining here are claim No. 8 of Maven Revocable Trust, claim Nos. 10 and 11 of Bonni Berkowitz, and claim No. 12 of Barbara Berkowitz. Dkt. 172.

17. Moreover, "[t]o establish fraud in the inducement, and thereby be relieved of the effect of" the Stipulation, the Berkowitzes must "establish the elements of common deceit." *See Commerce Bank & Trust Co. v. Hayeck*, 46 Mass.App.Ct. 687, 692 (1999). Those elements "include misrepresentation of a material fact, made to induce action, and reasonable reliance on the false statement to the detriment of the person relying." *See id.*

18. The Supplemental Statement identifies only one specific statement: the August 19, 2019 deposition testimony of Tom Wu., ITC's CEO, concerning mechanical completion of the solar project. Suppl. Statement, ¶ 17. This contention fails to satisfy the requirements of Rule 9(b) and the April 1 Order for many reasons.

19. First, Mr. Wu's testimony accurately reflects his understanding that the project was mechanically complete as of February 21, 2019. As provided for in the Sale Order, the asset buyer reviewed and accepted prior to closing third party documentation further evidencing February 21, 2019 as the date of mechanical completion.

20. Second, the Berkowitzes cannot plausibly allege that Mr. Wu's deposition testimony was intended to induce the Berkowitzes into the Stipulation. The deposition occurred before the motion to dismiss hearing—when ownership of the Debtor was still bitterly contested, and no settlement negotiations had occurred.

21. Third, the Berkowitzes' contention that they relied on this testimony in entering into the Stipulation, months later and represented by counsel during marathon negotiations, strains credulity.

22. Fourth, the Berkowitzes had a full and fair opportunity to negotiate any desired representation or warranties into the Stipulation or otherwise attempt to condition their agreement on their confirmation of any fact deemed critical to them. They did not do so. The

Stipulation contains no representations or warranties of ITC (or any other party) of any nature. Nor did any party insist that the Court condition approval of the Stipulation on any representation or warranty of any party as to any fact. Rather, the Court approved the Stipulation as drafted upon the request of the parties after full and fair notice and opportunity to be heard.

23. The Supplemental Statement makes various other assertions of misrepresentations in only the vaguest terms, and not in conformity with Rule 9(b) or the April 1 Order. These assertions deserve little attention. The Supplemental Statement essentially describes—in the most general terms—various aspects of negotiations leading ultimately to the Stipulation. The Supplemental Statement provides only baseless speculation in asserting that any of the statements made during negotiation were false. A bitter dispute over the ownership of the Debtor was resolved by a rationally thought-out settlement agreement negotiated by fully represented parties, pursuant to which assets of the Debtor would be marketed through the chapter 11 process and sold to a third-party in accordance with procedures authorized by the Court. The Berkowitzes and Maven Revocable Trust accepted their negotiated and court approved payment at the time of closing.

24. In addition to the terms of the Stipulation, there are other defenses to Claimants' claims, including the following:

25. Claim no. 8 filed by Maven Revocable Trust states that it:

*represents the possible contingent liability owed to Maven Revocable Trust to be indemnified by Rowley Solar, LLC, for the expense of complying with all permits associated in any fashion with property used or occupied by it including, without limitation, all storm water discharge permits, site plan approvals or the like and including still without limitation all federal, state and local approvals of every kind. The primary obligation to comply with permits belongs to Rowley Solar, LLC, and any purchaser from Rowley Solar LLC. However, Maven Revocable Trust may be obligated to cure any permit defects and if so, holds a claim against the Debtor to be indemnified against any such expense.*

No basis exists for this claim. The Sale Order makes clear that: "The Encumbrance Parties shall be, and hereby are, barred from asserting such Encumbrance against Buyer, Maven Revocable Trust, or its assets, trustees or beneficiaries or any of their successors and assigns, or the Purchased Assets." Dkt. 111 at page 8 (with "Encumbrance Parties" defined at page 3 as "all Persons (as that term is defined in section 101(41) of the Bankruptcy Code), Governmental Units (as that term is defined in section 101(27) of the Bankruptcy Code), or entities asserting any Encumbrance against the Purchased Assets (as that term is defined in Section 1.1 of the Asset Purchase Agreement) (collectively, 'Encumbrance Parties').") Further, nothing in the Purchase Agreement approved by the Sale Order obligates Maven Revocable Trust for any such liability.

26. Claim no. 10 filed by Bonni Berkowitz for $575 relates to "cost of a transcript obtained at request of Debtor's counsel." This claim does not represent an obligation of the Debtor existing as of the time of the petition date. Rather, it appears to relate to either a personal cost of a litigant or perhaps a potentially reimbursable expense of Debtor's counsel which can be incorporated into a properly prepared and filed application for compensation and reimbursement of expenses.

27. Claim no. 11 filed by Bonni Berkowitz is based on a purported advance of funds from the claimant to the Debtor for its use in payment of a retainer. No supporting information is included with the claim to evidence any obligation of the Debtor to repay any such advance. Appendix C to the Stipulation includes claims of Bonni Berkowitz that would be deemed allowed. Not surprisingly, no such claim was included on that schedule for amounts attributable to professional expenses of the Debtor. Rather, the Stipulation included specific language for funds that would be available for administrative expenses.

28. Claim no. 12 filed by Barbara Berkowitz is based on a purported loan to the Debtor made by Barbara Berkowitz in 2017, a purported obligation that appears to be absent from the schedules and statement of financial affairs signed and filed by the Debtor. As with the claims of Bonni Berkowitz, this claim is not included on Appendix C to the Stipulation as an amount that would be deemed allowed.

29. Even if the Berkowitzes can demonstrate they are owed any further amounts from the Debtor (they are not), such amounts would be offset by expenses incurred by ITC in constructing the solar energy farm for the benefit of the Debtor and in taking action to respond to unallowable claims and compelling compliance with the terms of the Stipulation.

**Conclusion**

ITC's objection to proofs of claim No. 8 of Maven Revocable Trust, claim Nos. 10 and 11 of Bonni Berkowitz, and claim No. 12 of Barbara Berkowitz should be sustained, and those claims should be disallowed in their entirety. ITC continues to reserve all rights with respect to the non-delivery of the release by the Berkowitzes in contravention of the court-approved Stipulation.

Dated: April 29, 2020                                      Respectfully submitted,

INVALEON TECHNOLOGIES
CORPORATION

By its attorneys,

/s/ John G. Loughnane
John G. Loughnane (BBO #557599)
jloughnane@nutter.com
Joseph T. Toomey (BBO # 682675)
jtoomey@nutter.com
Nutter, McClennen & Fish, LLP
Seaport West
155 Seaport Boulevard
Boston, MA  02210
(617) 439-2000

## Certificate of Service

I certify that on April 29, 2020, I electronically filed the foregoing using the CM/ECF system, which will send electronic mail notification to all registered participants.

/s/ John G. Loughnane
John G. Loughnane

4803420